UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LONNIE DUPUIS** | **CASE NO. 6:21-CV-01154** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN SECURITY INSURANCE CO** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (Doc. 4) wherein Defendant American Security Insurance Company ("American") moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, American argues that Mr. Dupuis is not an insured, additional insured, or a third-party beneficiary of the American Security Policy (the "Policy") and therefore fails to state a claim for which relief can be granted.

## BACKGROUND

Plaintiff, Lonnie Dupuis, owns property in Crowley, Louisiana which allegedly sustained damage from Hurricanes Laura and Delta. The property was insured by American. Mr. Dupuis is not an insured, an additional insured, or third-party beneficiary of the Policy. Instead, the lender, Nationstar Mortgage, LLC is named as the insured.

Mr. Dupuis filed this lawsuit alleging that American's payment was inadequate, and American adjusted the claim in bad faith. American contends that Mr. Dupuis has no cause of action to enforce the policy under Louisiana law and no bad faith claim.

## LAW AND ANALYSIS

To have standing to enforce an insurance policy, the plaintiff must be: (1) a named insured; (2) an additional named insured; or (3) an intended third-party beneficiary of the policy. *Barbe v. Freedom Loan Servicing, LLC*, 383 F.Supp.3d 634, 641 (E.D. La. 2019) citing *Brown v. Am. Modern Home Ins. Co.,* 2017 WL 2290268, at *4 (E.D. La. May 25, 2017); *Lee v. Safeco Ins. Co. of Am.,* 2008 WL 2622997, at *2 (E.D. La. July 2, 2008).

Under Louisiana law, a third-party beneficiary must be created by contract; such a contract is referred to as a stipulation *pour autrui. Joseph v. Hospital Service District No. 2 of the Parish of St. Mary,* 939 So.2d 1206, 1212 (La. 10/15/06). A stipulation *pour autrui* is never presumed. Instead, the party claiming the benefit must show that such a stipulation in their favor exists. To do so, the claimant must show that (1) the contract in question "manifests a clear intention" to confer a benefit on them, (2) there is certainty as to the benefit owed, and (3) the benefit in question is not a "mere incident of the contract." *Joseph,* 939 So.2d at 1212-1214; *Cresswellon v. Safeco Ins. Co. of Am.,* 2007 WL 1244268, at *5(E.D. La. Jan. 26, 2007). Moreover, the contract itself [Policy] must confer a specific "direct benefit" in favor of the third party. *Joseph,* 939 So.2d at 1214 ("Simply stated, in the absence of a direct benefit conferred by the contract, the doctors cannot be third party beneficiaries. . .").

In the context of lender-placed insurance, non-insured homeowners are only entitled to sue when under the circumstances of their claim, some of the policy benefits would be directly payable to them. *Williams v. Certain Underwriters at Lloyd's of London,* 398 Fed. Appx. 44 (5th Cir. 2010) (homeowner was not a third-party beneficiary of lender-placed

policy where all policy benefits were payable to the lender); compare *Lee v. Safeco Ins. Co. of America,* 2008 WL 2622997 (E.D. La. July 2, 2008) (homeowner qualified as a third-party beneficiary where homeowner could potentially recover, as direct payee, amounts in excess of the lender's interest) and *D'Juve v. Am. Modern Home Ins. Co.,* 2015 WL 1650259, at *2 (E.D. La. Apr. 14, 2015) (same as *Lee* in that plaintiff might have qualified as a third-party beneficiary under the policy language; however, the losses that she claimed did not exceed the lender's interest). *See also Brown, supra* at *5, discussion of American Modern policy (same as *D'Juve*).

American argues that the Policy benefits are payable to the lender, therefore Mr. Dupuis cannot be a third-party beneficiary because there is no direct benefit to him. The relevant Policy language under "Loss Payment" is as follows:

> 12. Loss Payment.
>
> * * *
>
>> c. Loss will be made payable to the named insured [Nationstar]. No coverage will be available to any mortgagee other than that shown as the named insured on the Declarations. The undisputed portion of the loss will be payable within 30 days after [American Security] receive[s] [Nationstar's] proof of loss.

American relies on *Brown, supra* wherein the plaintiff "borrowers' sued both American Security (same insurer as in this matter) and American Modern Home Insurance Company ("American Modern"). Judge Lemmon found that the Plaintiff did not have standing as a third-party beneficiary of the relevant policy to pursue claims against American Modern because the benefit to plaintiffs was triggered when the loss payment

Page **3** of **6**

exceeded the lender's interest in the policy, and Plaintiffs failed to allege that the amount of the loss exceeded the mortgage balance. The American Modern policy stated that the Lender is the named insured and defines "you" and "your" as referring to the Lender. The "Loss Payable" clause of the American Modern Policy stated:

> We will adjust any loss with you and the mortgagor. We will pay you to the extent of your interest in the property. You hereby direct that any benefits due which are in excess of your interest in the property be paid to the mortgagor…

*Brown,* 2017 WL 2290268 at *5.

Judge Lemmon further found that Plaintiff did not have standing as a third-party beneficiary as to the American Security policy because there was no mention of plaintiffs' insurable interest or provisions for payments to plaintiffs. Thus, there was no clear intention for the American Security policy to provide a benefit to plaintiffs that would be sufficient to create a stipulation *pour autrui.*

In *Butler v. American Security Insurance Company,* 2019 WL 1714231 (M.D. La. Apr. 17, 2019), Judge Jackson followed *Brown* and also found that there was no stipulation *pour artrui* because the policy language reflected an intent to benefit Wells Fargo (the lender).

Mr. Dupuis maintains that he has standing to bring suit because the Policy creates a third-party beneficiary in his favor. Mr. Dupuis relies on a "Louisiana Residential Dwelling Certificate." The first paragraph of the Louisiana Replacement Cost Endorsement 1

provides: "It is understood and agreed that throughout this Certificate You and Your refer to the financial institution as named insured and the borrower shown in the Declarations."[1]

Mr. Dupuis argues that the "you" and "your provision confers a right, benefit, or privilege to the borrower under the policy. Mr. Dupuis also relies on the policy provision "Reasonable Repairs" which provides as follows: "[i]n the event that covered property is damaged by a Peril Insured Against, we will pay the reasonable cost incurred by you for necessary measures taken solely to protect against further damage."[2] Also, the appraisal provision provides that, "[i]f you and we fail to agree on the amount of loss, either may demand an appraisal of the loss."[3] Based on this language, Mr. Dupuis suggests that the Policy as drafted by Defendant intends for Plaintiff to have the right to demand an appraisal of losses. Thus, Mr. Dupuis argues that because he invoked the appraisal process, he is a third-party beneficiary.

American relies on our recent ruling in *Cresswell v. American Security Ins. Co.*, Civ. Action 2-21-51, at *10 (W.D. La. May 12, 2021) where the Court considered a similar motion to dismiss based on the same Policy provisions. In *Cresswell,* this Court concluded that the policy benefits would be due ultimately to the person who incurred the expense, but the Loss Payment clause obligated American Security to make any such payment to the named insured lender. Thereafter, the lender may or may not owe reimbursement to the borrower, depending on the borrower's loan status and overall relationship with the lender.

---

[1] Policy No. MLR07299603313, Doc. 4-2.
[2] Doc. 4-2, p. 9.
[3] Doc.4-2, p. 13.

Because all loss was payable to the named insured lender, there is no "direct" benefit to the borrower, as required to make the "borrower" a third-party beneficiary.

Mr. Dupuis maintains that because he invoked appraisal on July 15, 2021, he is a third-party beneficiary.[4] The Court is not convinced that merely invoking the appraisal process confers upon Mr. Dupuis a direct benefit. Mr. Dupuis has not alleged a breach of the appraisal process itself by American. As we previously noted in *Creswell*, the Appraisal provision does not direct that any payment would be made to Mr. Dupuis. Mr. Dupuis would still have to allege that any monetary payment made by American would exceed the balance owed to his lender as stated in numerous Louisiana cases.

## **CONCLUSION**

For the reasons set forth above, the action is subject to dismissal as the Court finds that Mr. Dupuis is not a third-party beneficiary, and thus lacks standing based on the facts alleged in the Complaint. However, this case is in its infancy and the Court is inclined to grant Mr. Dupuis leave to amend his Complaint and show a claim for relief.

**THUS DONE AND SIGNED** in Chambers on this 10th day of August, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiff's exhibit A.